PRICE, Judge.
This is an appeal from the judgment of the trial court rejecting the plaintiff’s demands to have the Judgment of Possession rendered in the Succession of Robert Douglas Riley set aside and to recognize her as a child and forced heir of decedent. Rosetta Riley Hill contends she is the daughter of decedent and Willie Mae Jones, who were married in 1930. She further contends her mother believed she was truly married to decedent at the time cohabitation began and was unaware decedent had contracted a previous marriage; thus, as a child of a putative marriage, plaintiff is entitled to inherit under the provisions of LSA-Civil Code Article 118.
Octavia Carter Riley, surviving widow, and Roy James Riley, an adopted son of decedent, answered plaintiff’s petition denying she was the child of Robert Douglas Riley and Willie Mae Jones or that any marriage ceremony was ever celebrated between these parties.
Evidence taken on trial of this case clearly established that Willie Mae Jones had cohabited with decedent for a period of approximately one year during portions of the years 1930 and 1931. During this period of time neither of these parties were capable of contracting marriage as each had previously been married and had never been divorced from their respective spouse. Although the birth certificate of plaintiff listed decedent as her father, plaintiff’s mother, Willie Mae Jones, called as a witness by' defendants, testified the true father of plaintiff was a man named Percy Cain, to whom she was legally married. Willie Mae Jones further testified no marriage ceremony was ever celebrated prior to her cohabitation with decedent and that she was already pregnant prior to cohabiting with him. The evidence also shows benefits were paid on behalf of plaintiff as the child of Percy Cain by the Veterans Administration and the Social Security Administration.
The trial judge found the evidence to heavily preponderate that plaintiff was not the child of decedent but rather was the issue of the marriage of Willie Mae Jones and Percy Cain. We affirm this decision.
Even if plaintiff had proven her filiation with decedent, she would not have acquired any right to inherit from him under the law of this state. As Willie Mae Jones, plaintiff’s mother, and Robert Douglas Riley, were each married to another person during their period of cohabitation, should plaintiff have been conceived of their relationship, under the provisions of LSA-Civil Code Article 182, she would have acquired the status of an adulterous bastard. LSA-Civil Code Article 920 provides bastard or adulterous children shall not inherit from their natural father or mother, but shall be relegated solely to a right of alimony. The provisions of this Article have been held not to violate the equal protection or due process clauses of the United States Constitution. See Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971).
As we find no error in the judgment appealed from, it is affirmed at appellant’s costs.